Filed 12/9/25  P. v. Arguilez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


THE PEOPLE,

    Plaintiff and Respondent,

v.

DOREL LOPEZ ARGUILEZ,

    Defendant and Appellant.

D085317

(Super. Ct. No. SCE211708)


APPEAL from an order of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

Thien Huong Tran, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

I.

In 2001, a jury convicted Dorel Lopez Arguilez of three counts of first degree burglary (Pen. Code, §§ 459, 460; counts 1, 2, & 4), attempted first degree robbery (§§ 211, 664; count 5), criminal threats (§ 422; count 6), and two counts of misdemeanor battery on a person (§ 242; counts 3 & 7).  The court found true the allegations that Arguilez suffered two prior strike

felonies (§§ 667, subds. (b)-(i), 1170.12(a)-(d)), two prior serious felonies (§ 667(a)(1)), and three prior prison terms (§ 667(b)). He received an indeterminate term of 75 years-to-life in prison, and a determinate term of 11 years.

On December 6, 2024, Arguilez received a full resentencing hearing under section 1172.75. The court acknowledged Arguilez was 65 years old, had been in prison since 2002, and has a parole hearing tentatively set for August 2026. It believed Arguilez still posed a danger to society if he were to be immediately released but did not oppose decreasing his sentence. Defense counsel requested striking Arguilez's strike priors and the serious felony priors, arguing Arguilez no longer posed a danger to society and was no longer abusing alcohol and drugs. The court declined to strike the strike priors but resentenced Arguilez to an indeterminate term of 25 years-to-life in prison.

## II.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 indicating counsel found no arguable issues for reversal on appeal. Counsel asks us to independently review the record for error as required by *Wende*. We offered Arguilez the opportunity to file his own brief on appeal, but he has not done so.

To assist our review, and in compliance with *Anders v. California* (1967) 386 U.S. 738, counsel has identified two possible issues that were considered in evaluating the potential merits of this appeal:

1. Whether the trial court abused its discretion in denying Arguilez's motion to strike any of his strike priors.

2

2. Whether the trial court abused its discretion when it denied as untimely Arguilez's motion to disqualify the assigned judge pursuant to Code of Civil Procedure section 170.6.

We have reviewed the record for error consistent with the directions in *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Arguilez on this appeal.

Arguilez also filed a separate petition for writ of habeas corpus and we ordered this matter be considered with the appeal. (*In re Arguilez*, D085758.) We deny the petition by separate order.

III.

We affirm.

CASTILLO, J.

WE CONCUR:

McCONNELL, P. J.

IRION, J.